# NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

KA07-677 consolidated with KH07-634

STATE OF LOUISIANA

VERSUS

RAYMOND J. JACKSON

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 03-K-4552-B
HONORABLE ELLIS J. DAIGLE, DISTRICT JUDGE

**********

MICHAEL G. SULLIVAN
JUDGE

**********

Court composed of Sylvia R. Cooks, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.

> APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.

Hon. Earl J. Taylor
District Attorney - 27th JDC
P. O. Drawer 1968
Opelousas, LA 70571
(337) 948-3041
COUNSEL FOR APPELLEE:
    State of Louisiana

Raymond Jackson, #458624
Avoyelles Correctional Center, Cajun 3-B-2
1630 Prison Road
Cottonport, LA 71327
COUNSEL FOR APPELLANT:
    Raymond J. Jackson

**Sullivan, Judge.**

The Defendant, Raymond J. Jackson, was charged by bill of information with possession of cocaine. The State amended the bill charging the Defendant with possession of cocaine with intent to distribute, a violation of La.R.S. 40:967. On January 16, 2006, the Defendant was found guilty as charged by a jury. On May 12, 2006, he was sentenced to ten years at hard labor, the first two years without benefit of probation, parole, or suspension of sentence.

On March 9, 2007, the Defendant filed in the trial court a "Motion for Out-of-Time Appeal" requesting the trial court grant him an out-of-time appeal because his attorney failed to file a motion for appeal. The trial court denied the motion. The Defendant then filed an "Intent to Seek Appeal" from the trial court's denial of his motion for an out-of-time appeal. The trial court granted the request.

On May 31, 2007, the appellate record was lodged in this court. On June 1, 2007, this court issued a rule to show cause why the appeal in this case should not be dismissed, as the judgment at issue is not appealable. The Defendant failed to submit a sufficient response to the rule to show cause.

The proper procedural vehicle for the Defendant to seek review of a denial of a motion by the trial court is *via* supervisory writs, not by appeal. La.Code Crim.P. art. 912.1. Therefore, the appeal in this case is hereby dismissed.

The Defendant-Appellant, Raymond J. Jackson, is hereby permitted to file a proper application for supervisory writs in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than thirty days from the date of this decision. The Defendant is not required to file a notice of intent to seek writs or to obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4-3, as we hereby construe the motion for appeal as a timely-filed notice of intent to seek a supervisory writ.

1

Additionally, on May 17, 2007, the Defendant filed a writ of mandamus with this court which was consolidated with the current appeal. The Defendant filed in the trial court a "Motion and Order for Return Date," requesting a return date on his appeal and appellate counsel be appointed. The trial court rejected the filing stating, "A return date was fixed in accordance with the law on March 13, 2007." The Defendant is before this court requesting that this court order the trial court to provide him with a return date on his appeal and provide him with appellate counsel. However, since Relator's appeal is dismissed, his writ of mandamus is rendered moot.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**